IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SERFIN AMOS,

    Plaintiff,

v.                                        No. 11-1314

McNAIRY COUNTY, TENNESSEE and
McNAIRY COUNTY SHERIFF'S DEPARTMENT,

    Defendants.
_____

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
CLAIMS AGAINST THE MCNAIRY COUNTY SHERIFF'S DEPARTMENT
AND FINDING THE REMAINDER OF THE MOTION MOOT
_____

This action was brought by the Plaintiff, Serfin Amos, on October 18, 2011 alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* and the Tennessee Human Rights Act, Tennessee Code Annotated § 4-21-101, *et seq.*[1] Specifically, Amos averred that his employer discriminated against him on the basis of race. On December 22, 2011, the Defendants, McNairy County, Tennessee and the McNairy County Sheriff's Department, moved to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In response to the motion to dismiss, the Plaintiff advised that he intended to amend his complaint. Amos' motion to amend was granted in an order entered February 22, 2012. In that order, the Court addressed and disposed of the issues raised in the motion to dismiss save one -- the suability of the McNairy County Sheriff's Department. To the extent the Court ruled on the questions raised in the instant motion in its February 22, 2012 order, the motion to dismiss is now

---

[1] On March 12, 2012, this matter was consolidated with <u>Amos v. McNairy County, Tennessee, et al.</u>, No. 12-1047 (W.D. Tenn.).

MOOT. The Court will herein rule on the remaining issue.

Rule 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "When deciding a motion to dismiss under [the Rule], the district court must construe the complaint in the light most favorable to the plaintiff and must accept all the factual allegations contained in the complaint as true." Paige v. Coyner, 614 F.3d 273, 277 (6th Cir. 2010) (citing Lambert v. Hartman, 517 F.3d 433, 439 (6th Cir. 2008)). "In order to survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's] complaint need contain only 'enough facts to state a claim to relief that is plausible on its face.'" Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The Defendants argue that the McNairy County Sheriff's Department should be dismissed on the grounds that it is not a legal entity and therefore not subject to suit. In Mathes v. Metropolitan Government of Nashville and Davidson County, Tennessee, No. 3:10-cv-0496, 2010 WL 3341889 (M.D. Tenn. Aug. 25, 2010), the district court recognized that "federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a [42 U.S.C.] § 1983 suit." Mathes, 2010 WL 3341889, at *2. While the case before the Court was not brought under § 1983, courts have also held that suits initiated under Title VII may not lie against a county sheriff's department, as they are not suable entities. *See* Castle v. Sullivan Cnty., No. 2:06-CV-138, 2008 WL 2887173, at *1, 3 (E.D. Tenn. July 23, 2008) (noting in Title VII suit that "[t]he motion to dismiss correctly argues that the Sullivan County Sheriff's office is not a suable entity"). To the extent the complaint states a cause of action, it is against McNairy County, Amos' employer, which is also a named Defendant. Accordingly, Plaintiff's claims against the McNairy County Sheriff's Department are DISMISSED.

IT IS SO ORDERED this 29th day of June 2012.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE