IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SERFIN AMOS,

    Plaintiff,

v.                                       No. 11-1314

MCNAIRY COUNTY, TENNESSEE and
MCNAIRY COUNTY SHERIFF'S
DEPARTMENT,

    Defendants.

---

ORDER OVERRULING DEFENDANT'S APPEAL OF
AND AFFIRMING MAGISTRATE JUDGE'S ORDER

---

On November 26, 2012, Magistrate Judge Edward G. Bryant, pursuant to an order of reference, denied the motion of Defendant McNairy County, Tennessee (the "County") for a protective order and granted the motion of Plaintiff, Serfin Amos, to amend the scheduling order. (D.E. 62.) In accordance with Local Rule 72.1(g) and Rule 72(a) of the Federal Rules of Civil Procedure, the Defendant filed written objections to the magistrate judge's order. Those objections, and the Plaintiff's response thereto, are now before the Court.

Title 28 U.S.C. § 636(b)(1)(A) permits a district judge to, subject to certain exceptions not relevant here, "designate a magistrate judge to hear and determine any pretrial matter pending before the court." Furthermore, "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). Upon a timely objection to the magistrate judge's order, the district judge is instructed to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Otherwise, the district judge is to defer to the order. Ford. v Tenn. Senate, No. 2:06-cv-2031, 2008

WL 4724371, at *1 (W.D. Tenn. Oct. 24, 2008).

In his amended complaint, Amos alleged, among other things, that the Defendants violated the Tennessee Public Protection Act, Tennessee Code Annotated § 50-1-304 (the "TPPA"), commonly known as the "whistleblower" statute, by terminating him for complaining about racial discrimination and testifying to the Tennessee Bureau of Investigation ("TBI") regarding his eyewitness account of the physical abuse of a prisoner by a fellow officer and the County's negligence in providing the prisoner prompt medical care. The inmate, James McKinney, filed an action in this Court against multiple parties, including County sheriff's deputies Jeremy Russell, Jamie West and Steve Ellsworth. See McKinney v. McNairy Cnty., Case No. 12-1101 (W.D. Tenn.). In its motion for protective order, the County sought relief with respect to the depositions of Sheriff Guy Buck and deputies Russell, West and Ellsworth, as well as any other deposition testimony relating to the McKinney suit. For his part, the Plaintiff requested an amendment to the scheduling order extending the discovery deadline as he could not proceed with depositions until after the Court ruled on the motion for protective order.

> Following a hearing on the motions, the magistrate judge concluded that
>
> while Defendant[] [has] a possible defense of qualified immunity in another lawsuit, qualified immunity did not apply in the case at bar and that Defendant[] failed to show that such immunity can be transferred to another lawsuit.
>
> While Defendant[] argued to the contrary, the Court found that the evidence sought was highly relevant, in fact critical, to Plaintiff's case. The Court found that because this evidence goes to the heart of Plaintiff's case, any possible prejudice to Defendant did not outweigh its probative value, and that, further, the parties could fashion a proposed order encapsulating the confidentiality concerns.

(D.E. 62 at 1.)

Defendant prays for reversal of the magistrate judge's order and entry of a protective order

prohibiting the Plaintiff from deposing the deputies and from obtaining documents that are privileged as criminal investigation materials. Specifically, it argues that (1) permitting the deputies to be deposed by Plaintiff in this case undermines their qualified immunity defense in McKinney; (2) the deputies' testimony is not necessary for Amos to prove his claim under the TPPA; (3) the magistrate judge failed to place restrictions on the duration and scope of the deputies' depositions; (4) investigative documents in Defendant's possession are privileged; and (5) the language of the magistrate judge's order is overly broad and requires Defendant to produce documents it does not possess. The Court will address the County's objections to the magistrate judge's order seriatim.

With respect to the first ground for appeal, Defendant asserts that the deputies should be immune from discovery in any case pending resolution of whether they are entitled to qualified immunity in McKinney. Significantly, perhaps, it proffers no case law supporting its position. Indeed, "[a]lthough qualified immunity is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself, it is a right to immunity from certain claims, not from litigation in general." United States v. Sensient Colors, Inc., 649 F. Supp. 2d 309, 328 n.16 (D.N.J. 2009). Based on the evidence before it, the Court cannot conclude that the magistrate judge's ruling was clearly erroneous or contrary to law as to Defendant's first objection.

Second, the County maintains that the magistrate judge was in error because the deputies' testimony was not necessary for Amos to prove his case. It submits that Plaintiff's own testimony, along with that of County officials who are not parties in McKinney, could satisfy the elements of his whistleblower claim. The TPPA "prohibits the discharge or termination of an employee for refusing to participate in or for refusing to remain silent about illegal activities." Harman v. Univ. of Tenn., 353 S.W.3d 734, 735 (Tenn. 2011). To succeed on such a claim, a plaintiff must establish

3

"(1) the plaintiff's status as defendant's employee; (2) the plaintiff's refusal to participate in or remain silent about illegal activities; (3) the defendant employer's discharge or termination of the plaintiff; and (4) an exclusive causal relationship between the plaintiff's refusal to participate in or remain silent about illegal activities and the defendant employer's discharge of the plaintiff." Id. at 737. In this case, the County has vehemently denied the existence of any "illegal activity." As Plaintiff maintains, it is necessary to take the depositions of those involved in the alleged illegal activity in order to prove his claim. Accordingly, the Court finds Defendant's objection unfounded.

Thirdly, the County insists that the magistrate judge should have at least placed restrictions on the duration and scope of the deputies' depositions, specifically, limiting questioning to their knowledge relative to Amos' TPPA claim, such as his actions and reports in response to the treatment of McKinney and the relationship between the reports and Plaintiff's termination. The Defendant requests the prohibition of testimony concerning what actions the deputies and other County officials took during the McKinney incident and what information they did and did not provide to the TBI. The County also seeks to limit the depositions to one hour in duration.

The Defendant sought these subject-matter limitations in its motion for protective order on grounds relative to the qualified immunity defense in McKinney and because actual acts were not relevant to Plaintiff's TPPA claim. The magistrate judge ruled against the County and the undersigned has affirmed its decision for the reasons set forth in the preceding paragraphs. The Defendant's request for a time restriction is denied, as no basis therefor has been presented.

Fourth, the Defendant asserts that the investigative documents its possesses are privileged. Amos was informed of the materials, including statements of Ellsworth, Russell and West; video; incident reports and jail logs, through a privilege log. The County bases its claim of privilege on

4

Tennessee Code Annotated § 10-7-503(a)(2)(A), which provides in its entirety that

> [a]ll state, county and municipal records shall, at all times during business hours, which for public hospitals shall be during the business hours of their administrative offices, be open for personal inspection by any citizen of this state, and those in charge of the records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law.

The Court agrees with the Plaintiff that this statute appears to have no application to this case. Amos submits that the citation may have been an error on the part of the Defendant and that the intended citation may have been to § 10-7-504(a)(2)(A). This section provides as follows:

> All investigative records of the Tennessee bureau of investigation, the office of inspector general, all criminal investigative files of the department of agriculture and the department of environment and conservation, all criminal investigative files of the motor vehicle enforcement division of the department of safety relating to stolen vehicles or parts, and all files of the handgun carry permit and driver license issuance divisions of the department of safety relating to bogus handgun carry permits and bogus driver licenses issued to undercover law enforcement agents shall be treated as confidential and shall not be open to inspection by members of the public. The information contained in such records shall be disclosed to the public only in compliance with a subpoena or an order of a court of record; provided, however, that such investigative records of the Tennessee bureau of investigation shall be open to inspection by elected members of the general assembly if such inspection is directed by a duly adopted resolution of either house or of a standing or joint committee of either house. Records shall not be available to any member of the executive branch except to the governor and to those directly involved in the investigation in the specified agencies.

Plaintiff insists that, as he is not attempting to obtain TBI investigative records, the statute provides no basis for objection to discovery. Considering the County's failure to provide a proper basis for its claim of privilege, statutory or otherwise, its objection fails to show the magistrate judge's ruling was clearly erroneous or contrary to law.

Finally, the Defendant avers that the magistrate judge's order is overly broad in that it requires the County to produce documents it does not possess. The language to which the Defendant objects reads as follows:

5

> Defendants [are] ordered to turn over the video, statements from Steve Ellsworth, Jamie West, and Jeremy Russell, the McNairy County Jail incident report from April 29, 2011, and any other internal investigation reports, emails, personnel files, or other documents requested by Plaintiff in discovery that are related to Plaintiff's Tennessee Public Protection Act claim within seven days of the Court's Order concerning this matter.

(D.E. 62 at 2-3.) The passage reflects no intention by the magistrate judge to require the County to produce what it does not have. As pointed out by the Plaintiff, if documents to be produced do not exist or are not possessed by the County, it can simply say so.

For the reasons articulated herein, the Defendant has failed to establish that the magistrate judge's ruling entered November 26, 2012 was clearly erroneous or contrary to law. Thus, the objections are OVERRULED and the order is AFFIRMED.

IT IS SO ORDERED this 29th day of January 2013.

        s/ J. DANIEL BREEN
        UNITED STATES DISTRICT JUDGE